OPINION OF THE COURT
Per Curiam.
Judgment entered November 12, 1991 modified by reducing plaintiffs recovery to the sum of $2,940, plus interest, and by vacating the award of attorney’s fees to plaintiff in the sum of $3,500; as modified, judgment affirmed, without costs.
Civil Court properly cast defendant City of New York in damages for its failure to return cash bail posted by plaintiff. The documentary evidence shows that plaintiff paid $15,000 cash at Criminal Court, Bronx County, and was given a receipt bearing the legend: "The law provides that the City of New York shall deduct 2% of the money deposited upon refund except when the case is terminated by dismissal or acquittal at the trial level”. Because of what was subsequently determined to be "negligence and misfeasance” on the part of certain Criminal Court clerks, only $12,000 was actually transmitted for deposit with the City’s Department of Finance, the agency which holds moneys posted as bail for criminal defendants in New York City. When bail was exonerated following disposition of the criminal case by way of a plea, the City remitted only $11,760 to the plaintiff ($12,000 less the 2% fee).
The City’s central defense to the action is that the court clerks in the Criminal Court are State employees, not employees of the City; that the City is not responsible for misconduct of State clerks; and that plaintiff’s remedy, if any, lies against the State.* We reject, as did Civil Court, this defense. It is manifest that insofar as the receipt of bail moneys is concerned, the court clerks were acting as special agents for the City to facilitate the City’s own duty to collect, hold and disburse those funds to depositors such as the plaintiff. The *92 City was the principal actor in the transaction and is authorized to impose a fee for its processing of bail funds. Under familiar principles of agency, when payment was made to the court clerks authorized to collect such payments as part of their customary duties, payment was made to the City itself and it is the City which must answer to the plaintiff for the unauthorized acts of the court personnel (3 NY Jur 2d, Agency, §§ 244, 246). The fact that the clerks in question are employed by the State does not require that the City be absolved from liability in this fact pattern, since a principal may be held responsible for the acts of an agent even where the agent is paid by another (id., § 239).
Accordingly, after subtracting the 2% fee due the City ($300), and crediting the amount previously paid ($11,760), plaintiff is entitled to judgment in the principal sum of $2,940.
The court below also awarded attorney’s fees to the plaintiff in the amount of $3,500, although no statutory authority therefor was cited in the decision. While we have affirmed the court’s finding on liability, the City’s defense of the action was not "frivolous” or so "completely without merit in law or fact” as to warrant the imposition of costs or sanctions (22 NYCRR 130-1.1 [c]).
Parness, J. P., Miller and McCooe, JJ., concur.

 Any action against the State would now be time barred.